UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GOODEN,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACY JOHNSON,<br><br>    Defendant. | No.  2:24-cv-00023 DC SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2). Because plaintiff paid the filing fee on November 22, 2024, the court denies the motion to proceed in forma pauperis as moot. As described below, the court concludes that plaintiff has failed to state a claim for relief and recommends that the action be dismissed without leave to amend.

**I.    SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S.

1

at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff, a prisoner at Folsom State Prison, challenges Folsom State Prison Warden Tracy Johnson's refusal to refer him for recall and resentencing pursuant to California Penal Code § 1172.1 and its predecessor, § 1170.03.[1] (ECF No. 1.) Plaintiff alleges that defendant Johnson's failure to refer him for recall and resentencing despite his eligibility amount to a violation of his due process rights under the Fourteenth Amendment. Plaintiff seeks a declaratory judgment that defendant Johnson's actions violated the Fourteenth Amendment, $5.2 million in compensatory damages, and $6.1 million in punitive damages.[2] (Id. at 5.)

On September 23, 2022, plaintiff wrote to defendant Johnson requesting referral to the recall and resentencing unit "for exceptional conduct." (ECF No. 1 at 13.) In a letter to plaintiff dated October 5, 2022, Defendant Johnson explained that that the prison does not accept self-

---

[1] California Penal Code § 1170.03 was recodified as § 1172.1 pursuant to Assembly Bill 200, 2022 Cal. Stat., Ch. 58, § 9, effective June 30, 2022.
[2] Plaintiff attached correspondence with defendant, grievances, and other relevant documents to his complaint as exhibits. (ECF No. 1 at 6-28.) The court treats these exhibits as part of the complaint for screening purposes. See Fed. Rule Civ. P 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

referrals from inmates and enclosed a memorandum dated May 26, 2022, explaining the referral process. Defendant Johnson added "[s]hould a staff member choose to refer you for review, your case will be considered for referral." (Id. at 3, 13.)

On November 1, 2022, plaintiff filed a grievance complaining that he meets the criteria for recall and referral and requested defendant Johnson refer his file. (ECF No. 1 at 3, 14-15.) The California Department of Corrections and Rehabilitation ("CDCR") denied his grievance on December 6, 2022, explaining: "[T]he discretion to author and send [a resentencing] referral lies solely with the [CDCR] and is never the right of any particular inmate. Because inmates are not entitled to an 1170(d) referral, the [CDCR] is not obligated to, and cannot be compelled to, issue an 1170(d) referral on an inmate's behalf." (Id. at 19.) CDCR concluded: "Because [a resentencing] referral is not a right, the grievance and appeal process is not the appropriate venue for requests seeking resentencing." (Id.)

Folsom State Prison Protestant Chaplain William Rogowski submitted a recall and sentencing request on plaintiff's behalf on June 6, 2023. (ECF No. 1 at 6.) Defendant Thompson then reviewed the request and wrote to plaintiff on June 16, 2023, with the results. First, defendant Thompson declined to endorse plaintiff's recall and resentencing because the "seriousness of his crime, in which a woman lost her life, is not a crime in which the Warden endorses for resentencing." (Id. at 7.) Second, defendant Thompson explained that plaintiff is not eligible for recall and resentencing because he had not yet served ten continuous years of his current commitment. (Id.) Plaintiff filed this action on January 2, 2024.

### III.    DISCUSSION

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

The Due Process Clause of the Fourteenth Amendment protects prisoners from being

3

deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To analyze a procedural due process claim, courts engage in a two-step analysis: First, the court determines whether the inmate was deprived of a constitutionally protected liberty or property interest. Second, the court examines whether that deprivation was accompanied by sufficient procedural protections. Johnson v. Ryan, 55 F.4th 1167, 1179 (9th Cir. 2022) (citing United States v. 101 Houseco, LLC, 22 F.4th 843, 851 (9th Cir. 2022)).

Here, Plaintiff alleges violations of his right to recall and resentencing pursuant to § 1172.1. A state may create a liberty interest through a statute that places "substantive limitations on official discretion." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 462 (1989). To do so, the statute must contain "'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the [statute's] substantive predicates are present, a particular outcome must follow." Id. (quoting Hewitt v. Helms, 459 U.S.C. 460, 471-72 (1983)); see also Woratzeck v. Arizona Bd. of Exec. Clemency, 117 F.3d 400, 403 (9th Cir. 1997) ("[W]hen a state's laws place no substantive limitations on official discretion, they create no liberty interest entitled to protection under the Due Process Clause" (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983)) (per curiam) (cleaned up).

Here, the recall and resentencing procedures under California Penal Code § 1172.1 are permissive, not mandatory. Under that provision, a court "may…upon the recommendation of the [CDCR] secretary…recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." Cal. Penal Code. § 1172.1 (emphasis added). The statute's implementing regulations further clarify that CDCR's recommendation itself is permissive. See Cal. Code Regs., tit. 15, § 3076.1(a) ("[T]he Secretary may recommend to a sentencing court that the sentence and commitment previously imposed on an incarcerated person be recalled and that the court resentence the incarcerated person"). Therefore, § 1172.1 does not confer a constitutionally protected liberty interest.

A judge of the Central District of California addressed this identical issue in a habeas petition brought by plaintiff and similarly found "no basis for finding that section 1172.1 gives rise to a liberty interest enforceable as a matter of federal due process." Gooden v. Johnson, No.

4

2:24-cv-2648-DDP-PD, 2024 WL 2139370, at *3 (C.D. Cal. May 13, 2024). Other judges have also determined that § 1172.1 and its predecessors do not confer a liberty interest protected by the Due Process Clause. See Thomas v. Matteson, No. cv 21-3767-DSF (JPR), 2022 WL 527846, at *3 (C.D. Cal. Jan. 4, 2022) (collecting cases); Gonzales v. Marshall, No. CV 08-5102-FMC(E), 2008 WL 5115882, at *5 (C.D. Cal. Dec. 4, 2008).

In sum, because § 1172.1 does not confer a constitutionally protected liberty interest, the undersigned finds plaintiff has failed to state a claim under the Fourteenth Amendment's Due Process Clause.

### IV.   PLAINTIFF'S MOTION TO STAY

Plaintiff filed a motion to stay on September 23, 2024. (ECF No. 8.) Although the motion reflects the case number for this action, it very clearly relates to the aforementioned, and now closed, habeas petition filed in the Central District, Gooden v. Johnson, No. 2:24-cv-2648-DDP-PD (C.D. Cal.). For example, the motion is on a Central District pleading template and refers to the habeas proceeding filed on March 25, 2024, the same day the petition was filed in Gooden v. Johnson. (See Docket.) Accordingly, plaintiff's motion is denied.

### V.   CONCLUSION

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that plaintiff's complaint does not state a valid claim for relief pursuant to the Due Process Clause of the Fourteenth Amendment against defendant Thompson. The recall and resentencing process in § 1172.1 process is permissive, meaning CDCR has discretion to make referrals and state courts then have discretion whether to recall and sentence the individual. As such, § 1172.1 does not confer a constitutionally protected liberty interest that can be redressed through an action under 42 U.S.C. § 1983.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The undersigned finds that, as set forth above, the

complaint fails to state a claim upon which relief may be granted and that given the nature of the claim, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is denied as moot; and

2. Plaintiff's motion to stay (ECF No. 8) is denied.

In addition, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave for amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE